Res, J.
There were sufficient grounds set forth in the petition in error filed by the defendant, in the District Court, and appearing on the record of the case, to sustain the decision of that court, reversing the judgment of the ■Court of Common Pleas. The grounds so appearing, and which, among others, were assigned as error, were that the ■defendant had not been summoned in the action nor in •any other legal manner notified of its pendency, and that the Court of Common Pleas had no jurisdiction of the person of the defendant at the time the judgmeut was Tendered. There are three modes provided by the code, by either of which a Court of Common Pleas may acquire •■such jurisdiction of a defendant as to authorize a rendition of judgment against him. One mode is by service of a ■summons, another by publication, and the third by voluntary appearance.
In this case, jurisdiction of the defendant was sought to be acquired by service of a summons, which, as appears from the record, was not made in compliance with the requirements of the code on that subject. Section 61 of the •code provides, that “ the summons shall be served by the -officer to whom it is directed, who shall indorse on the original writ the time and manner of service;” and section ■62, directing the manner of service, requires that “ the service shall be by delivering a copy of thé summons to the defendant personally, or by leaving one at his usual place •of residence, at any time before the return day.” Under •these provisions an indorsement on a summons showing that it was “ served on the defendant by leaving a true •copy at his place of business,” is not, in our opinion, sufficient service to give the court out of which the sum *339 mons issued, jurisdiction of the person of the defendant named therein.
Counsel for plaintiff", admitting the defect in the service, urge that it was cured by notice of the motion, of the pendency of which the court found the defendant was “ duly notified,” and that the court having thereby acquired jurisdiction of his person, the judgment subsequently rendered against him was valid.
Conceding that the motion was in proper form, and sufficiently specific in its terms to advise the defendant of its intended object, the question arises: Did the service of notice of its pendency upon him, cure the defect in the service of the summons, and operate as a waiver of all objections he might afterward urge against the validity of the judgment subsequently rendered?
The record contains no. evidence that the defendant at any time appeared in the action in the Court of Common Pleas, for any purpose whatever, and hence it can not be claimed that anything was done by him in the action from which such waiver can be inferred, and as the modes provided in the sections of the code above cited, do not include that of the service of notice of a pending motion, as a means of bringing a defendant into court, it is obvious that the Court of Common Pleas did not at any time have jurisdiction of the person of the defendant in the action, for any purpose whatsoever. The record shows an attempt to commence an action which was not followed by service of a summons within sixty days, and hence, under the provisions of section 20 of the code, the action can not be deemed to have been commenced. The defendant does not complain of the judgment rendered against him by the District Court, and we find no error in its proceedings, or judgment prejudicial to the rights of the plaintiff.
The judgment of the District Court is therefore affirmed.
McIlvaine, C. J., Welch, White, and Gilmore, JJ., concurred.